IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

TIMOTHY and MAE HARLESS,             Case No: 12-31079-KKS

   Debtors.                              Chapter 7

_____/

**DEBTORS' MOTION UNDER SECTION 522(f) TO AVOID
FIRST CITY BANK OF FLORIDA'S LIEN ON PERSONAL PROPERTY
<u>(CHECKING & SAVINGS ACCOUNTS)</u>**

     **Pursuant to Local Rule 2002-2, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at: Winston E. Arnow Federal Building, 100 N. Palafox St., Pensacola, FL 32502, and serve a copy on the movant's attorney, Ashley B. Rogers, Esquire, Chesser & Barr, P.A., 398 N. Main St., Crestview, FL 32536, and any other appropriate persons.**
     **If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

   The Debtors, TIMOTHY and MAE HARLESS, file this motion to avoid a lien which impairs the Debtors' exemption, and as grounds therefore state as follows:

1. The Debtors filed a voluntary petition for relief on August 3, 2012.

2. The Debtors bring this motion pursuant to 11 U.S.C. §522(f), Bankruptcy Rule 4003(d), and Local Bankruptcy Rule 4003-2 to avoid a judicial lien, if any, on the Debtors' personal property, namely the Debtors' checking & savings accounts.

3. As reflected on Amended Schedule C, the Debtors claimed a personal property exemption for the checking & savings accounts under Fla. Const. Art. X § 4(a)(2).

4. First City Bank obtained a final judgment against the Debtors and filed a judgment lien on May 15, 2012, with the Secretary of State, State of Florida, in the amount of $345,499.27.

5. First City's lien impairs the Debtors' exemption in the checking & savings accounts, and pursuant to 11 U.S.C. §522(f), the lien of First City as to the Debtors' personal property may be avoided.

6. The Bankruptcy Code sets forth the factors for determination of the amount of lien impairment at 11 U.S.C. §522(f)(2).

7. The basic formula used within the jurisdiction of the 11th Circuit Court of Appeals is current value of Debtor's interest in property **minus** Debtor's share of nonavoidable liens **minus** exemption amount **equals** amount available to pay judgment liens. United States Bankruptcy Court, Northern District of Georgia, *How to Think About and Figure Out Whether a Lien Impairs an Exemption (New as of August 08, 2009)*, *available at* http://www.ganb.uscourts.gov/judges/massey/masseyj.html. *See also In re Lehman*, 205 F.3d 1255 (11th Cir. 2000) (illustrating the calculation).

8. If there is no amount available to pay judgment liens, all such liens are avoidable. U.S. District Court of GA, *How to Think About and Figure Out Whether a Lien Impairs an Exemption* at 4.

9. If the exemption amount is greater than or equal to the value of debtor's interest in a type or item of property, the judgment lien is always avoidable. U.S. District Court of GA, *How to Think About and Figure Out Whether a Lien Impairs an Exemption* at 3, "No-Brainers."

10. Each type or perhaps even item of property must be analyzed separately.  U.S. District Court of GA, *How to Think About and Figure Out Whether a Lien Impairs an Exemption* at 2.

11. Applying the formula set forth above, the judgment amount ($345,499.27) is avoidable because, after deducting the nonavoidable liens and the exemption value from the current value of the interest in the property, nothing remains to pay the judgment.

| | |
|---|---:|
| Current value of Debtors' interest in property | $ 646.37 |
| *Minus* Debtor's share of nonavoidable liens | 00.00 |
| *Minus* exemption amount | 646.37 |
| **Equals amount available to pay judgment liens** | **00.00** |

WHEREFORE, the Debtors, TIMOTHY HARLESS and MAE HARLESS, respectfully request the Court enter its order avoiding and vacating the judgment lien and granting such other relief as is just and appropriate.

DATED February 8, 2013.

/s/ Ashley B. Rogers
ASHLEY B. ROGERS
Chesser & Barr, P.A.
398 N. Main St., Ste. B
Crestview, FL 32536
Telephone     (850) 683-9945
Fax               (850) 398-6911
rogers@chesserbarr.com
FL BAR ID# 0033315
Attorneys for Debtors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof was  served via electronic mail on the date set forth on the Court's docket as the date of electronic service to the OFFICE OF THE U.S. TRUSTEE, 110 East Park Avenue, Ste. 128, Tallahassee, FL 32301; and JOHN E. VENN, JR., Trustee, 220 W. Garden St., Ste. 603, Pensacola, FL 32502; JASON A. BURGESS, Esquire, 118 W. Adams St., #900, Jacksonville, FL 32202; WILLIAM G. KILPATRICK, JR.,

Esquire, 36474-C Emerald Coast Parkway, Ste. 3202, Destin, FL 32541; ALLISON D. THOMPSON, Esquire, 9204 King Palm Drive, Tampa, FL 339619.

/s/Ashley B. Rogers
Attorney